[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10759
Non-Argument Calendar

_____

D. C. Docket No. 03-00174-CR-2-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMETT JIMERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 9, 2006)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Emmett Jimerson appeals his 20-month sentence for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, filing false claims, in violation of 18 U.S.C. § 287, and social security fraud, in violation of 42 U.S.C. § 408(a)(7)(B).

Jimerson contends that his sentence is unreasonable because the district court failed to give proper consideration to the factors outlined in 18 U.S.C. § 3553(a). Specifically, Jimerson argues that the district court (1) failed to give sufficient weight to the evidence showing that he was dependent on hydrocodone for back pain, and would face withdrawal symptoms if he ceased taking the medication and (2) did not adequately consider his arguments concerning his inability to serve his sentence in a halfway house or the hardship of serving a custodial sentence with his medical problems. Jimerson also offers a variety of reasons why we should find his sentence unreasonable under the factors outlined in § 3553(a).

After Booker, we review a defendant's sentence for "unreasonableness" in the context of the § 3553(a) factors. See United States v. Booker, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Section 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to

reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the advisory guidelines range; (8) the need to avoid unwanted sentencing disparities; and (9) the need to provide restitution to victims. See 18 U.S.C. § 3553(a).

We have held that, although a guidelines sentence is not per se a reasonable sentence, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "Review for reasonableness is deferential." Id. "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005); United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005) (stating that post-Booker district courts are not required to conduct an accounting of every § 3553(a) factor and explain how each factor played a role in the sentencing decision).

The district court adequately considered both of Jimerson's arguments concerning his medical condition, as well as the § 3553(a) factors, and sentenced him to the middle of the advisory guidelines range. See Talley, 431 F.3d at 788.

3

With respect to Jimerson's need for hydrocodone, the court stated that the Bureau of Prisons could supply alternative medication that would satisfy Jimerson's needs. The district court found that the 20-month sentence was reasonable in light of "all of the attributes of the defendant plus the offense conduct and also the sentencing goals that courts are required to consider in determining a sentence."

None of Jimerson's arguments and nothing in the record convinces us that this is an unusual case. Having carefully reviewed the record, we find the sentence to be reasonable.

**AFFIRMED.**